David P. Mayberry, Esq. (SBN 108741)
LAW OFFICES OF DAVID P. MAYBERRY
41877 Enterprise Circle North, Suite 130
Temecula, California 92590
Tel:   (951) 296-2299
Fax:   (951) 296-2297
Email: David@dpmlaw.net

Attorney for Plaintiff,
Abigail Lauper

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ABIGAIL LAUPER, | Case No. |
|---|---|
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| TEMECULA VALLEY UNIFIED SCHOOL DISTRICT; THOMAS GARCIA; and LEOPOLDO RUIZ | **(JURY TRIAL DEMANDED)** |
| Defendants. | |

Plaintiff Abigail Lauper (hereinafter referred to as "Lauper" or "Plaintiff") brings this action on her own behalf after achieving majority status in June of 2024 against TEMECULA VALLEY UNIFIED SCHOOL DISTRICT; THOMAS GARCIA individually and in his official capacity as NJROTC Area 21 Manager; LEOPOLDO RUIZ individually and in his official capacity as ROTC Instructor for Temecula Valley Unified School District (collectively, hereinafter referred to as "Defendants"), Lauper respectfully alleges upon knowledge as to itself, and otherwise upon information and belief, as follows:

## JURISDICTION

1.   Plaintiff brings these claims under the Americans with Disabilities Act of 1990 at 42 U.S.C. § 12101, et. seq.; and the Rehabilitation Act of 1973 at 29 U.S.C. § 794.

2. This Court has jurisdiction under 28 U.S.C. § 1331.

## THE PARTIES AND VENUE

3. Lauper resides in Temecula, California in the county of Riverside.

4. Lauper was discriminated against under the aforementioned statutes in March, April, May and June of 2023 while attending Chaparral High School as a cadet in the Navy Junior Reserve Officers Training Corps "NJROTC" Program.

5. Plaintiff achieved majority status in June of 2024 and decided to pursue an action to recover for damages suffered by herself as a result of violations of the aforementioned statutes.

6. Defendant Temecula Valley Unified School District is the governing educational body in the district where the discrimination took place.

7. Defendant Thomas Garcia is an individual who at all times material hereto was employed by the U.S Navy and acted in furtherance of their policies and procedures and as their agent and participated directly in the acts and/or omissions that constituted unlawful discrimination against plaintiff Lauper based upon a disability and medical condition in violation of Federal law.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (c). A substantial part of the events giving rise to the Plaintiff's claim occurred within the Central District of California.

## FACTUAL BACKGROUND

9. Plaintiff Lauper is a person who in June of 2023 was a person with a disability and/or medical condition as that term is used under § 504 of the Rehabilitation Act of 1973 and under the Americans with Disabilities Act of 1990.

10. At all times relevant hereto, Plaintiff has been diagnosed with and suffers from Type 1 diabetes. As such she is a qualified individual with a disability under § 504 of the Rehabilitation Act of 1973 and § 12132 of the Americans with Disability Act.

11. Beginning in 2020, Lauper was enrolled as a NJROTC cadet and as a general curriculum student at the Chaparral high school in defendant school district.

12. Throughout calendar year 2023 Lauper continued to be enrolled as a student at the defendant high school located in Temecula, California and likewise continued with training in NJROTC which was conducted and regulated jointly by the Temecula Valley Unified School District and the office of the United States Navy.

13. On or about April of 2023 plaintiff Lauper received notice that a much-coveted cadet training program would be available for application to attend in June of 2023. The program was known as "Leadership Academy" and it was designed to train the NJROTC cadets further in their leadership skills and provide them new skills and opportunities for post-graduate advance and promotion in their further endeavors.

14. Plaintiff by virtue of her affliction with Type 1 diabetes was required to buy and use insulin to stabilize her blood sugar and metabolism daily.

15. The only accommodation that Lauper required to function smoothly was her medications which had to be refrigerated.

16. Lauper intended to apply and gain recommendation for the Leadership Academy and the thought of attending same and enjoying the career benefits of same was quite appealing to Lauper.

17. In April of 2023 Lauper learned by written publication that she was exclusively forbidden attendance at the Leadership conference because of her pre-existent diabetic condition.

18. Lauper was qualified to attend the Leadership Conference in all other respects and even had written clearance from her treating physician approving her fitness for participation in the program. All that was needed to accommodate Lauper was a small refrigerator which was present or could have been brought to Leadership Conference.

19. At or about the time of the Leadership Conference, Plaintiff was subtlety ridiculed for her inability to attend due to her condition making her uncomfortable, embarrassed, and extremely anxious – causing plaintiff's glucose levels to elevate and causing plaintiff to choose another school to finish her high school education thereby separating her from her friends.

20. The Leadership Conference from which plaintiff was excluded went forward as planned and plaintiff was repeatedly denied efforts to attend citing her affliction with diabetes as

an absolute bar without the possibility of waiver.

## 1ST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF

## SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C 794)

21. Plaintiff hereby incorporates by this reference paragraphs 1 through 20 of the foregoing complaint as though same was fully set forth hereat.

22. Because Lauper's Type 1 diabetes is a significant physical impairment which substantially limits one or more of her major life activities, she is a qualified individual with a disability under section 504 of the Rehabilitation Act of 1973, 29 U.S.C 794

23. Defendants are public entities/state and federal actors of said entities, which receive federal and state funding, and provide educational services, programs and activities to the public (i.e., public education) and are thus subject to the Rehabilitation Act.

24. As a result of Type 1 diabetes plaintiff Lauper was subjected to among other things, discrimination, harassment, and emotional abuse by reason of disability.

25. The harassment and mistreatment of Lauper was sufficiently severe and pervasive such that it altered the condition of her education.

26. Defendants' failure to provide reasonable accommodations to plaintiff subjected her to an atmosphere of discrimination within the school.

27. Defendants were deliberately indifferent to the healthcare needs and educational needs of Lauper thus denying her the same level of education and opportunity that otherwise non-disabled students receive.

28. As a direct and proximate results of the aforesaid discrimination Lauper was deprived of educational benefits, specifically, a supportive, scholastic environment free from discrimination and harassment.

29. Because of defendants' deliberate indifference to Lauper's disability as well as defendants' failure to provide reasonable accommodation to Lauper, she was denied the opportunity to participate in or benefit from the school's services, programs or activities.

30. Plaintiff Lauper is entitled to recover monetary damages for defendants'

violations of 29 U.S.C. 794.

## SECOND CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE

## AMERICANS WITH DISABILITIES ACT

31. Plaintiff hereby incorporates by this reference paragraphs 1 through 30 of the foregoing complaints as if fully set forth hereat.

32. Because Lauper's Type 1 diabetes is a physical impairment, which substantially limits one or more of her major life activities, she is a qualified individual with a disability under the Americans with Disabilities Act. 42 U.S.C. 12132.

33. Defendants are public entities/state and federal actors of said entities, which receive federal and state funding and provide educational services, programs and activities to the public and are thus subject to suit under Title 11 of the American with Disabilities Act, 42 U.S.C. 12131 et seq.

34. As a result of Type 1 diabetes, Lauper was subject to other discrimination, harassment and emotional abuse by reason of her disability.

35. The aforesaid harassment and mistreatment and alienation was sufficiently severe and pervasive such that it altered the condition of her education and caused her to leave the school.

36. Defendants' failure to provide reasonable accommodations to plaintiff Lauper subjected her to an atmosphere of discrimination within the school.

37. Defendants were deliberately indifferent to the healthcare needs of Plaintiff so that she did not receive the same level of education that other non-disabled students received.

38. As a direct and proximate result of the discrimination Lauper was deprived of educational benefits, specifically, a supportive scholastic environment free from discrimination and harassment.

39. Because of defendants' deliberate indifference to Lauper's disability, as well as defendants' failure to provide reasonable accommodations Lauper was denied the opportunity to participate in or benefit from the school's services program or activities.

40. As a result of the discrimination, harassment, and emotional abuse by defendants, Lauper suffered severe and irreparable emotional harm.

41. Lauper is entitled to monetary damages for defendants' violations of 42 U.S.C. 12101 et seq.

**WHEREFORE**, Plaintiff respectfully demands that Judgment be entered against Defendants, jointly and severally, as follows:

    A.    On Plaintiff's first cause of action, for:

        1.    Compensatory damages to be determined by the trier of fact;

        2.    Reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action; and

        3.    Punitive damages to be determined by trier of fact.

        4.    Such other and further relief as the court shall deem just proper and equitable under the circumstances.

    B.    On Plaintiff's second cause of action, for:

        1.    Compensatory damages to be determined by the trier of fact;

        2.    Reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action; and

        3.    Punitive damages to be determined by trier of fact.

        4.    Such other and further relief as the court shall deem just proper and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on issues triable by a jury.

Dated: December 20, 2024                LAW OFFICES OF DAVID P. MAYBERRY

By: _____
      David P. Mayberry, Esq.
      Attorney for Plaintiff,
      Abigail Lauper

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of January 2025 at Temecula, California.

_Abigail Lauper (Jan 2, 2025 15:25 PST)_

Abigail Lauper